J-A26045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMANDA NIKOL HLADASZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDREW C. REIMANN | : | |
| | : | |
| Appellant | : | No. 1743 MDA 2016 |

Appeal from the Order Entered October 11, 2016
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
10197-2016

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                  **FILED DECEMBER 15, 2017**

Appellant, Andrew C. Reimann, appeals from a protection from abuse order (PFA), pursuant to 23 Pa.C.S. § 6102(a), entered against him in the Court of Common Pleas of Luzerne County.  We affirm.

The trial court summarized the facts as follows:

In her Petition, [Appellee] alleged that a PFA was necessary because on October 2, 2016, [Appellant] followed her from the Smokey Bones restaurant to her car following a meeting with [Appellant] and his parents regarding custody of the minor child H.R.  She maintained that [Appellant] physically assaulted her by punching her in the left cheek with a closed fist and then slapped her across the same cheek.  In the petition she stated that she left in her car and once in a safe zone called 911 and proceeded to Geisinger Wyoming Valley for medical treatment.  Thereafter, she went to the Wilkes-Barre Township Police Department to report the incident.

Within the PFA Petition she further alleged prior acts of abuse including that she previously filed a PFA on behalf of herself and her minor child that she later dropped upon advice of counsel; that while pregnant [Appellant] hit her two times in the stomach

and threatened to push her down steps in order to lose the pregnancy; in July of 2015, while hospitalized for labor [Appellant] told her he hoped the baby was still born; in May 2016, the minor child was teething and crying and she found [Appellant] with his fist raised at the minor child; in October 2016, she met [Appellant] that [sic] the mall for a visit with the child when an argument ensued over custody and [Appellant] slammed her against the car two (2) times and stated that she should "get into a car accident, crash and die".

Trial Court Opinion, 5/10/17 at 3 (citation omitted).

On October 3, 2016, the trial court entered a temporary PFA Order in favor of Appellee. A hearing on the final PFA was held on October 11, 2016. At the conclusion of the hearing, the court issued a permanent order in favor of Appellee. *See* Final Protection From Abuse Order, 10/11/16. In October 2016, Appellant timely filed a motion for reconsideration. Appellant's motion was deemed denied by operation of law on November 21, 2016.[1] *See* Pa.R.J.C.P. 620(B)(1); *see* also Pa.R.J.C.P. 620(D)(1) ("if the judge fails to decide the [post-dispositional] motion within thirty days … the motion shall be deemed denied by operation of law.").

Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The court issued a responsive opinion. On appeal, Appellant presents the following issues for our review:

1. Was there sufficient evidence in the record to support the [t]rial [c]ourt's finding of fact that [Appellant] committed abuse per 23 Pa. [C.S.]. § 6102(a) by assaulting [Appellee], thereby

---

[1] The court's order was due by November 19, 2016, which falls on a Saturday. Therefore, the order is deemed denied on November 21, 2016. *See* 1 Pa.C.S. § 1908 (providing for an additional day(s) when the last day of computation falls on a Saturday, Sunday, or legal holiday of the Commonwealth).

- 2 -

warranting a PFA order against him pursuant to 23 Pa. [C.S.] § 6108?

2. Did the [t]rial [c]ourt abuse its discretion in issuing a PFA order against [Appellant] pursuant to 23 Pa.[C.S.] § 6108 where the whole transcript shows the [t]rial [c]ourt's determinations and conducting of the trial were manifestly unreasonable?

Appellant's Brief at 5-6.

Appellant's first claim challenges the sufficiency of the evidence.

When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

*Thompson v. Thompson*, 963 A.2d 474, 477 (Pa. Super. 2008) (quotations and citations omitted).

The PFA Act defines abuse as one or more of the following:

(1)  Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2)  Placing another in reasonable fear of imminent serious bodily injury.

\*    \*    \*

23 Pa.C.S.A. §6102(a).

Both of Appellant's claims challenge the credibility determinations made by the trial court. First, Appellant argues that there is no credible evidence to support the trial court's findings. *See* Appellant's Brief at 29. Appellant's second claim asserts that the trial court's decision contradicts witness testimony. *Id.* at 30. Appellant's underlying assertion is that the trial court abused its discretion in not finding Appellant's witnesses credible. *Id.* This Court must defer to the trial court's determinations regarding the credibility of witnesses. *Thompson*, 963 A.2d at 477.

> [W]e must defer to the credibility determinations of the trial court. Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. The petitioner's testimony is sufficient if it is believed by the trial court.

*Custer v. Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007).

Viewed in the light most favorable to Appellee, the verdict winner, we agree with the trial court's determination that the evidence was sufficient to warrant a PFA order against Appellant. Appellee testified that Appellant hit her with a closed fist and then slapped the side of her face. *See* Notes of Testimony, 10/11/16 at 3, 8. Appellee then went to the hospital for treatment and reported the incident to the Wilkes-Barre Township Police Department. *Id.* at 6. The trial court deemed this testimony credible. We will not disturb the trial court's determinations regarding the credibility of Appellee. Thus, we find that the trial court did not abuse its discretion in finding that the evidence warranted the issuance of the final PFA order pursuant to Section 6102(a).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/2017</u>